UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

|  |  |
|---|---|
| IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d) ) ) ) ) ) ) | CASE NO. 21-sw-514 -KLM<br><br>**Filed Under Restriction** |

ORDER

The United States has submitted an application pursuant to 18 U.S.C. § 2703(d), requesting that the Court issue an Order requiring Comcast Communications LLC, an electronic communications service provider and/or a remote computing service located in Moorestown, NJ, to disclose the records and other information described in Attachment A to this Order.

The Court finds that the United States has offered specific and articulable facts showing that there are reasonable grounds to believe that the records or other information sought are relevant and material to an ongoing criminal investigation.

The Court determines that there is reason to believe that notification of the existence of this Order will seriously jeopardize the ongoing investigation, including by giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, change patterns of behavior, or notify confederates. *See* 18 U.S.C. § 2705(b)(2), (3), (5).

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 2703(d), that Comcast Communications LLC shall, within ten days of the service of this Order, disclose to the United States the records and other information described in Attachment A to this Order.

IT IS FURTHER ORDERED under 18 U.S.C. § 2705(b) that Comcast Communications LLC shall not disclose the existence of the application of the United States, or the existence of this Order of the Court, to the subscribers of the account(s) listed in Attachment A, or to any

other person, for the period of one year from the date of this Order or unless and until otherwise authorized to do so by the Court, except that Comcast Communications LLC, may disclose this Order to an attorney for Comcast Communications LLC, for the purpose of receiving legal advice.

    IT IS FURTHER ORDERED that the application and this Order are restricted from public access until otherwise ordered by the Court.

                                           _____
                                           United States Magistrate Judge

**  06 May 2021**
Date

Attachment A

**Records to Be Provided**:

**I.      The Accounts**

The Order applies to records and information associated with the account **biancarudolph@comcast.net** (the "Account")

**II.     Records and Other Information to Be Disclosed**

Comcast Communications LLC Inc. is required to disclose the following records and other information, if available, regardless of whether such information is stored, held or maintained inside or outside of the United States, to the United States for the Account listed in Part I of this Attachment, for the time period of account creation to present:

    A.    The following information about the customers or subscribers of the Account:

        1.    Names (including subscriber names, user names, and screen names);

        2.    Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

        3.    Local and long distance telephone connection records;

        4.    Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

        5.    Length of service (including start date) and types of service utilized;

        6.    Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"), Mobile Identification Numbers ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), International Mobile Subscriber Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI"));

        7.    Other subscriber numbers or identities (including temporarily assigned network addresses and registration Internet Protocol ("IP") addresses (including carrier grade natting addresses or ports)); and

        8.    Means and source of payment for such service (including any credit card or bank account number) and billing records.

    B.    All records and other information (not including the contents of communications) relating to the Account, including:

1. Records of user activity for each connection made to or from the Account, including log files; messaging logs; the date, time, length, and method of connections; data transfer volume; user names; and source and destination Internet Protocol addresses;

2. Information about each communication sent or received by the Account, including the date and time of the communication, the method of communication, and the source and destination of the communication (such as source and destination email addresses, IP addresses, and telephone numbers);

3. Information about the deletion of any records from the Account, including the date of deletion.

4. Information about all accounts that are linked to any of the Account in Part I of this Attachment including, without limitation, links by cookies, creation IP address, recovery email, telephone number, or other identifiers ("Linked Account"), including subscriber information (Part II.A of this Attachment) for each Linked Account; and

5. All services being used by the Account and information about devices connected to the Accounts.

6. For all information required to be disclosed pursuant to this Order, the physical location or locations where the information is stored.

You are to provide this information, if available, as: data files on removable computer storage devices/other electronic media; via download; by email or other means to FBI Special Agents Scott Dahlstrom (720-437-0933) Donald Peterson (303-472-1116) or Task Force Officer Shawna Gilbert (303-027-9016).

2

# CERTIFICATE OF AUTHENTICITY OF DOMESTIC RECORDS PURSUANT TO FEDERAL RULES OF EVIDENCE 902(11) AND 902(13)

I, _____, attest, under penalties of perjury by the laws of the United States of America pursuant to 28 U.S.C. § 1746, that the information contained in this certification is true and correct.  I am employed by Comcast Communications LLC, and my title is _____.  I am qualified to authenticate the records attached hereto because I am familiar with how the records were created, managed, stored, and retrieved.  I state that the records attached hereto are true duplicates of the original records in the custody of Comcast Communications LLC.  The attached records consist of _____ [generally describe records (pages/CDs/megabytes)].  I further state that:

    a.    all records attached to this certificate were made at or near the time of the occurrence of the matter set forth by, or from information transmitted by, a person with knowledge of those matters, they were kept in the ordinary course of the regularly conducted business activity of Comcast Communications LLC, and they were made by Comcast Communications LLC as a regular practice; and

    b.    such records were generated by an electronic process or system of Comcast Communications LLC that produces an accurate result, to wit:

        1.    the records were copied from electronic device(s), storage medium(s), or file(s) in the custody of Comcast Communications LLC in a manner to ensure that they are true duplicates of the original records; and

        2.    the process or system is regularly verified by Comcast Communications LLC, and at all times pertinent to the records certified here the process and system functioned properly and normally.

I further state that this certification is intended to satisfy Rules 902(11) and 902(13) of the Federal Rules of Evidence.

_____    _____
Date                                                        Signature